*NUTTER L. DAVIS, Adm'r. of DAVID WILSON, dec'd., d. b. app'lt.*
*vs. AARON MARSHALL, p. b. resp'dt.*

Vessel owners are liable on the contracts of the master, made in the usual course of business; but not otherwise, unless they assent.

APPEAL from the judgment of a justice of the peace in an action of assumpsit for goods sold and delivered.

The defendant's testator, David Wilson, was the owner of a sloop, "the Sarah and Emily," of which one Jerry Jeffers, a coloured man, was master, trading from Slaughter creek. Jeffers sailed the vessel for a share of the freights. He sometimes took wood on freight and received only the freight; at other times, he sold the wood on account of the owner and paid over the proceeds, deducting freight; and in two instances at least, as was in proof, he bought the wood and took it to market. Wilson knew of one of these and settled without objection. The present action was for a load of oak and hickory wood, sold by Mr. Marshall to Jeffers and charged to the vessel.

The defendant gave no evidence, but insisted that the owner of the vessel was not liable for the price of the wood.

*Ridgely,* for defendant below, to jury.—The proof is, that Jerry sailed the Sarah and Emily out of Slaughter creek on shares for freight. Business being dull, he went into Broadkiln to look for freight, and Marshall instead of freighting, *sold* his wood to Jerry on his own responsibility. The vessel owner is not responsible for the price of the wood so sold.

*Cullen,* for plaintiff.—The wood was sold to "sloop Sarah and Emily and owners, Capt. Jerry Jeffers;" the contract was with the

captain as usual, for there was no one else to contract with. The owners are liable on such a contract. (*Abbot on Shipping*, 91, 97, 95, 103.) The wood was sold in the usual course of business to the captain, who will be deemed to have authority from the owners to make such contracts; and they will be liable. The remedy is two-fold against the master, or against the owner. (*Abbot Shippg.* 113; 15 *Mass. Rep.* 352; 6 *Cowen* 173; *Collyer on Part.* 17.)

The question is, what is the usual course of trade and employment of the vessel. The owners are liable on any contract made with the captain which is in the usual course of trade and business; and the course of trade and employment, is evidence of authority from the owners. It is proved that it was the usual course of trade and business, to send wood by this vessel on contracts of sale with the captain, Jeffers, who paid for the wood on the return of the vessel.

HARRINGTON, *Judge*, charged the jury:—That the liability of vessel owners on the contracts of the captain or master, depends upon the question whether the contract was made in the usual course of trade and business in which the vessel was engaged, and was within the scope of the master's authority. That authority may be proved by the usual employment of the vessel, as well as by the recognition of the owners.

If it be proved that it was customary for the captain of this vessel to buy wood for transportation and sale, and pay for it on the return from market, it is evidence that Mr. Wilson knew of, assented to, and authorized such contracts on the part of his captain, and he is liable accordingly for the price of the wood. But if the usual business of this vessel was to carry the wood of others for freight, and not to buy it on account of the vessel, then Wilson, the owner, would not be liable to Mr. Marshall for a contract made with the captain, which was thus out of the usual course of sailing this vessel. As to such a contract, it would be out of the scope of the captain's authority as agent of the owners; and they would not be liable on account of it.

The question for the jury will then be, whether it is proved to their satisfaction, that the captain, Jeffers, bought this wood within the usual course of his employment as captain of the vessel; if he did so, it is evidence of authority from the owner to make such contracts on account of the vessel, and the defendant Wilson is liable as owner of the vessel for the price of the wood. But if the purchase of wood is not proved to have been in the usual course of employment of the vessel and the usual practice of the captain, the defendant is not liable; because the purchase of the wood was not within any authority con-

ferred on the captain by the owner, and the party dealing with the captain out of the scope of his authority must look to him alone, and not to the owner, for payment.

Verdict for plaintiff.

*Cullen*, for plaintiff.
*Ridgely*, for defendant.